IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:
MARCIA MINKA KATZ
    Debtor

CASE NO.: 15-30685-KKS
Chapter 13

_____/

## OBJECTION TO CONFIRMATION OF DEBTOR'S PROPOSED CHAPTER 13 PLAN

COMES NOW, CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2012-13, ("Secured Creditor"), by and through its undersigned counsel, and files its Objection to Confirmation of Debtor's Proposed Chapter 13 Plan (the "Plan"), pursuant to 11 U.S.C. §§1322(b)(2) and 1325(a). In further support of its position, Secured Creditor States as follows:

1. Secured Creditor holds a security interest in Debtor's real property located at 42 Suzanne Drive, Santa Rosa Beach, FL 32459 (the "Property").

2. The claims bar date in this case is October 27, 2015.

3. Secured Creditor filed a Proof of Claim on October 26, 2015 [Claim #6], which listed a secured arrearage in the amount of $68,481.48, and a total secured claim in the amount of $204,245.41.

4. On October 12, 2015, Debtor filed her Plan [Docket Entry 82], which proposed to make secured arrearage payments to Secured Creditor in the amount of $55,000.00 and regular monthly mortgage payments in the amount of $975.00. The Plan indicates that the total amount of the claim is only $130,000.00, and plans to pay at 4.0% interest.

5. Debtor's proposed total claim amount and arrears due are not accurate.

6. Secured Creditor is aware that Debtor is seeking mortgage modification; however, no modification has been entered into at this point and Secured Creditor is filing this objection to preserve its rights in regards to a Plan that does not conform to Secured Creditor's Proof of Claim.

7. The Plan fails to comply with 11 U.S.C. §§1322(b)(2) and 1325(a) in that it does not provide adequate protection for Secured Creditor's interest, and seeks to impermissibly modify the amount owed to Secured Creditor by remitting a lesser amount of monthly payments, arrearages, fees, and costs than that which Secured Creditor is entitled. Secured Creditor objects to such treatment through the Plan.

8. Secured Creditor hereby reserves the right to supplement this Objection at or prior to the hearing.

**WHEREFORE**, Secured Creditor respectfully requests the entry of an Order which denies confirmation of the Plan, or in the alternative, requires the Debtor to amend the Plan to overcome Secured Creditor's objections herein and conform the entire amount due under Secured Creditor's Proof of Claim, and for any other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served either by electronic or standard first class mail this 26th day of October, 2015 to Marcia Minka Katz, 42 Suzanne Drive, Santa Rosa Beach, FL 32459; Marcia M. Katz, Law Office of Marcy M. Katz, PO Box 203, Deale, MD 20751 (via e-mail at marcykatz@yahoo.com); Leigh D. Hart, Trustee, PO Box 646, Tallahassee, FL 32302; and United States Trustee, 110 E. Park Avenue, Suite 128, Tallahassee, FL 32301.

Suzanne V. Delaney
Florida Bar No. 0957941
Storey Law Group, P.A.
3191 Maguire Blvd. Suite 257
Orlando, FL 32803
Telephone: 407.488.1225
Facsimile: 407.488.1177
sdelaney@storeylawgroup.com
*Attorney for Secured Creditor*